UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE MITCHELL,

        Petitioner,

   v.

RON VON BOEING,

        Respondent.

Case No. C07-5271RJB

REPORT AND RECOMMENDATION TO DENY *IN FORMA PAUPERIS* STATUS

**NOTED FOR:
September 21, 2007**

    This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.

    Petitioner filed a proposed petition. Petitioner did not pay the filing fee or apply to proceed in forma pauperis. On May 31, 2007, the Clerk's Office sent a deficiency letter to petitioner. The letter gave him until July 2, 2007, to cure the defects (Dkt. # 2). There was no response.

    On July 12, 2007, the court sent and Order to Show Cause why this petition should not be dismissed and gave the petitioner until August 17, 2007, to cure the defects in his petition (Dkt. # 3). Again, there was no response.

REPORT AND RECOMMENDATION
Page - 1

1    In the Order to Show Cause the court specifically warned petitioner a Report and
2 Recommendation to dismiss the petition would issue if the defects were not cured by August 17,
3 2007.

4    The district court may permit indigent litigants to proceed *in forma pauperis* upon
5 completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has
6 broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314
7 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Petitioner has not applied to proceed
8 *in forma pauperis.*

9    Plaintiff has not shown that is unable to pay the full filing fee to proceed with his petition.
10 Accordingly the court recommends the *in forma pauperis* status be **DENIED and petitioner be**
11 **given thirty days to pay the filing fee.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the
12 Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to
13 file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of
14 those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the
15 time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
16 **September 21, 2007**, as noted in the caption.

    DATED this 22 day of August, 2007.

                                    */S/ J. Kelley Arnold*
                                    J. Kelley Arnold
                                    United States Magistrate Judge